# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARY McGALLOWAY,**
  *individually and on behalf of all others similarly situated,*

    **Plaintiff,**

      v.                                                          **Case No. 20-CV-1740-SCD**

**DEBT RESOLUTION DIRECT, LLC,**
  *doing business as Debt Advisors of America,*

    **Defendant.**

## ORDER GRANTING PLAINTIFF'S MOTION TO STAY DEFENDANT'S MOTION TO COMPEL

Mary McGalloway, a Wisconsin resident, has filed a class-action complaint alleging that Debt Resolution Direct, LLC, violated the Fair Credit Reporting Act and the Wisconsin Consumer Act by obtaining, furnishing, using, and reselling her private credit information (as well as that of other potential class members) under false pretenses and without any permissible purpose. *See* ECF No. 37. Debt Resolution Direct has filed a motion to compel McGalloway to produce her credit report, arguing that the report is dispositive of McGalloway's claims because it will conclusively show whether Debt Resolution Direct (or anyone acting on the company's behalf) improperly obtained McGalloway's personal credit information. *See* ECF Nos. 58, 59. McGalloway asserts that her credit report is irrelevant to her claims and Debt Resolution Direct's defenses and that, even if the report was relevant, she can't produce it because she doesn't have it. *See* ECF No. 63 at 1–2. Nevertheless, and without waiving that objection, McGalloway has agreed to request her credit report from each of the "Big Three" credit reporting agencies—TransUnion, Equifax, and Experian—and to

produce those reports subject to a forthcoming protective order. *See id.* at 2–3. McGalloway has received the report from TransUnion, but, as of last week, she had yet to receive the others.

Consequently, McGalloway has requested to stay Debt Resolution Direct's motion to compel for twenty-one days after the entry of a protective order. *See generally* ECF No. 63. Debt Resolution Direct opposes the requested stay because the parties have not agreed on a protective order, and they may never reach agreement. *See* ECF No. 65 at 1. The company further argues that McGalloway's lawsuit is "frivolous and sanctionable" and that McGalloway is improperly attempting to delay discovery that will prove the futility of her claims. *Id.* at 1–2. Debt Resolution Direct seeks sanctions for having to expend attorney fees to respond to McGalloway's "outrageous" request. *Id.* at 3.

I will grant McGalloway's motion to stay. Debt Resolution Direct insists that the credit report is crucial to this case, and McGalloway has agreed to produce three copies of it (despite continuing to object to its relevance). Staying Debt Resolution Direct's motion to compel not only will give McGalloway time to obtain the reports but will also provide the parties an opportunity to iron out the terms of a protective order and potentially avoid needless litigation (and inevitably more requests for fees). If the parties cannot reach agreement on a protective order, then I will lift the stay and proceed with briefing on the motion to compel.

For all the foregoing reasons, the court **GRANTS** the plaintiff's expedited non-dispositive motion to stay defendant's motion to compel discovery, ECF No. 63; **STAYS** the defendant's motion to compel, ECF No. 58, for <u>fourteen days</u> from the date of this order; and **DENIES** the defendant's request for sanctions for responding to the plaintiff's motion to stay.

**SO ORDERED** this 12th day of September, 2022.

_____
STEPHEN C. DRIES
United States Magistrate Judge